ELINSKY v. BERGER.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. MUNICIPAL COURTS—JURISDICTION—TITLE TO REAL ESTATE—WHEN INVOLVED.
    In an action in the Municipal Court to recover cash deposited by plaintiff under a contract of sale of defendant's real estate, it appeared on the trial that an adjoining building encroached upon the property so that complete possession could not be given. Held, that title to real estate was not involved so as to oust the court of jurisdiction under section 184 of the Municipal Court act (Laws 1902, p. 1545, c. 580), requiring that court to dismiss a complaint where it appears on plaintiff's own showing that the title to real property is in question and disputed by defendant.

Appeal from Municipal Court of New York.

Action by Benjamin Elinsky against Samuel Berger. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John J. Kuhn, for appellant.
Louis J. Altkrug, for respondent.

HIRSCHBERG, J. The only point presented by the appellant is that the Municipal Court had no jurisdiction of the action, because the title to real estate was in question. The action is to recover a sum of cash deposited by the plaintiff under a contract of sale of certain real estate belonging to the defendant in the borough of Brooklyn. It was conceded that an adjoining building encroached upon the property from two to four inches, so that the defendant could not give complete possession, and, on this fact appearing, the defendant claimed that the case was brought within the terms of section 184 of the Municipal Court act (chapter 580, p. 1545, Laws 1902), by which the court is required to dismiss the complaint where it appears by the plaintiff's own showing that the title to real property is in question and the title is disputed by the defendant. It is unnecessary to consider the cases cited by the parties. There was no title in dispute. The action is for damages for breach of contract, and the right of action is established on proof of a failure to convey as agreed upon for any cause with which the plaintiff is not legally chargeable. The difficulty in this instance arose from the fact that the defendant's property is so far incumbered as to deprive him of the power of transferring possession. His title, however, was in no sense disputed by the plaintiff, and the case was not one of those contemplated by the statute. The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.